UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUTHY HARRIS, on behalf of herself and all others similarly situated, | Civil Case No.:_____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| SECURITY CREDIT SYSTEMS, INC., and JOHN DOES 1-25. | |
| Defendant(s). | |

Plaintiff, RUTHY HARRIS, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendants, SECURITY CREDIT SYSTEMS, INC. (hereinafter "SCSI"); and John Does 1-25, collectively ("Defendants") their employees, agents, and successors the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "communication" "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person, a resident of Erie County, New York and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. SCSI has a business location at Theater Place, 622 Min Street, Suite 301, Buffalo, New York 14202.

8. Upon information and belief, Defendant, SCSI is a business that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. SCSI is a "debt collector" as that term is defined by 15 U.S.C. §1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all consumers and their

successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

> All New York consumers who were sent letters and/or notices from SCSI concerning a debt owed to SCHOOL OF DENTAL MEDICINE, which contained at least one of the alleged violations of 15 U.S.C. § 1692 *et seq.* herein.
>
> The Class period begins one year to the filing of this Action.
>
> The class definition may be subsequently modified or refined.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

      a.      Whether Defendant violated various provisions of the FDCPA;

      b.      Whether Plaintiff and the Class have been injured by Defendant's conduct;

      c.      Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      d.      Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal

redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. SCSI collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

16. On or before September 15, 2016, Plaintiff entered into an agreement with SCHOOL OF DENTAL MEDICINE, ("DENTAL") for the purchase of goods and/or services.

17. Such goods and/or services were for Plaintiff's personal use.

18. Such goods and/or services were not for non-personal use.

19. Such goods and/or services were not for business.

20. Such goods and/or services were used for Plaintiff's personal use.

21. Such goods and/or services were not used for non-personal purposes.

22. Such goods and/or services were not used for business purposes.

23. SCSI is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

24. Sometime prior to September 15, 2016, Plaintiff allegedly incurred a financial obligation to DENTAL.

25. Sometime after September 16, 2010, Plaintiff allegedly incurred a financial obligation to DENTAL.

26. The statue of limitation on the DENTAL obligation is six (6) years.

27. DENTAL is a "creditor" as defined by 15. U.S.C. § 1692a(4).

28. Sometime prior to September 15, 2016, DENTAL, either directly or through intermediate transactions referred, assigned, placed, or transferred the DENTAL obligation to SCSI for the purpose of collection and/or account resolution.

29. At the time the DENTAL obligation was referred, assigned, placed, or transferred to SCSI, such obligation was in default.

30. SCSI, caused to be delivered to Plaintiff a letter dated September 15, 2016 concerning the alleged DENTAL obligation, which demanded payment in the amont of $330.66. A copy of said letter is annexed hereto as **Exhibit A** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy.

31. The statue of limitation on the DENTAL obligation has not yet expired at the time SCSI sent Plaintiff the September 15, 2016 letter.

32. The September 15, 2016, letter was sent or caused to be sent by persons employed by SCSI as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

33. The September 15, 2016, letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

34. Upon receipt, Plaintiff read the September 15, 2016 letter.

35. The DENTAL obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

36. The September 15, 2016 letter stated on the top right side:

> SECURITY CREDIT SYSTEMS, INC.
> P.O. Box 846 Buffalo, NY 14240-0846

I WISH TO PAY BY CREDIT CARD (CHECK ONE) ___ MC___ Visa
THERE WILL BE A 2.5% PROCESSING FEE ADDED TO YOUR CHARGED AMOUNT
YOUR SIGNATURE BELOW AUTHORIZES BOTH THE PAYMENT AND FEE

37. The September 15, 2016 letter stated on the back:

> Your creditor or debt collector believes that the legal time limit (statute of limitations) for suing you to collect this debt may have expired. It is a violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 at seq., to sue to collect on a debt for which the Statute of limitations has expired. However, if the creditor sues you to collect on this debt, you may be able to prevent the creditor from obtaining a judgment against you. To do so, you must tell the court that the statute of limitations has expired.

38. There is no agreement between Plaintiff and others similarly situated and DENTAL expressly authorizing the 2.5% processing fee.

39. There is no law which permits a 2.5% processing fee to be charged to Plaintiff and others similarly situated.

40. The 2.5% processing fee is not a fee imposed on Plaintiff and others similarly situated by DENTAL, Mastercard, Visa, Discover or American Express.

41. SCSI's September 15, 2016 letter that it sent to Plaintiff and others similarly situated does not comply with the FDCPA and constitutes abusive, deceptive and unfair collection practices.

**POLICIES AND PRACTICES COMPLAINED OF**

42. It is SCSI's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

   (b) By making false representations of the compensation which may be lawfully received by any debt collector for the collection of a debt;

   (c) Using unfair or unconscionable means to collect or attempt to collect any debt; and

   (d) Collecting or attempting to collect any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

43. On information and belief, SCSI has sent written communications, in the form annexed hereto as Exhibit A to at least 40 natural persons in the State of New York.

**COUNT I**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

44. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

45. Collection letters and/or notices, such as those sent by the Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

46. Defendant's imposition of a 2.5% processing fee for credit card payments would cause the least sophisticated consumer to be confused as to whether the fee was authorized by an agreement with the original creditor.

47. Defendant's imposition of a 2.5% processing fee for credit card payments would cause the least sophisticated consumer to be confused as to whether the fee was authorized by law.

48. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

49. SCSI engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. §§ 1692e, 1692e(2)(B), 1692e(10) and 1692e(14).

50. SCSI engaged in unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §§ 1692f and 1692f(1).

51. By imposing a 2.5% processing fee for credit card payments made by Plaintiff and others similarly situated, SCSI engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. §§ 1692e, 1692e(2)(B) and 1692e(10).

52. By imposing a 2.5% processing fee for credit card payments made by Plaintiff and others similarly situated, SCSI engaged in unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f.

53. Defendant violated 15 U.S.C. § 1692e of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

54. Defendant violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

55. Section 1692e(2)(B) of the FDCPA prohibits a debt collector from making a false representation of any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

56. Defendant violated 15 U.S.C. § 1692e(2)(B) by making false representations that it was entitled to a 2.5% processing fee for payments made by credit card.

57. Section 1692e(10) of the FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

58. Section 1692(2)(A) prohibits the false representation of the legal status of any debt.

59. Defendant's statements on the back of the September 15, 2016 letter is a false representation of the legal status of DENTAL obligation.

60. The statute of limitations on the DENTAL obligation had not yet expired at the time Defendant sent the September 15, 2016 letter to Plaintiff.

61. Defendant's statements on the back of the September 15, 2016 letter is misleading and deceptive.

62. The least sophisticated consumer can read the September 15, 2016 letter to have more than one meaning.

    a.) The statute of limitation had already expired on the DENTAL obligation.

    b.) The statute of limitation has not yet already expired on the DENTAL obligation.

63. Defendants' conduct as described herein constitutes false representations or deceptive means to collect or attempt to collect any debt.

64. Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

65. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

66. Section 1692f(1) of the FDCPA prohibits the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

67. Defendant violated 15 U.S.C. § 1692f(1) by collecting and/or attempting to collect a 2.5% processing fee for payments made by credit card when the fee was not expressly authorized by the agreement creating the debt or permitted by law.

68. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

69. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

70. Plaintiff has and will continue to suffer actual damages and other damages as a direct result of the Defendant's actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against the Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: September 3, 2017

           *s/ Joseph K. Jones*
           Joseph K. Jones, Esq.
           JONES, WOLF & KAPASI, LLC
           One Grand Central Place
           60 East 42nd Street, 46th Floor
           New York, New York 10017
           (646) 459-7971 telephone
           (646) 449-7973 facsimile
           jkj@legaljones.com

## **DEMAND FOR TRIAL BY JURY**

  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

           */s/ Joseph K. Jones*
           Joseph K. Jones, Esq.

# Exhibit A

| PO BOX 846 | SECURITY CREDIT SYSTEMS, INC |
| --- | --- |
| BUFFALO, NY 14240-0846 | PO BOX 846   BUFFALO, NY 14240-0846 |

**RETURN SERVICE REQUESTED**

| I WISH TO PAY BY CREDIT CARD (CHECK ONE) ☐ ☐ |
| --- |
| THERE WILL BE A 2.5% PROCESSING FEE ADDED TO YOUR CHARGED AMOUNT |
| YOUR SIGNATURE BELOW AUTHORIZES BOTH THE PAYMENT AND FEE |

CARDHOLDER NAME (Please Print)

CARD NUMBER AMOUNT

SIGNATURE EXP.DATE

**SCHOOL OF DENTAL MEDICINE**
**ACCOUNT BALANCE: 330.66**

REFERENCE NO.: ▮

RUTHY HARRIS

SECURITY CREDIT SYSTEMS, INC.
PO BOX 846
BUFFALO NY 14240-0846

---

DETACH AND RETURN COUPON WITH PAYMENT TO ENSURE PROPER CREDIT

---

09/15/2016

SCHOOL OF DENTAL MEDICINE
ACCOUNT BALANCE: 330.66

REFERENCE NO.: ▮

**CONVENIENT ONLINE PAYMENT OPTION!**
**-FAST, SIMPLE AND SECURE-**
**VISIT: www.payscs.com**

| ANY CHECK RETURNED FOR INSUFFICIENT FUNDS OR ACCOUNT CLOSED WILL BE ASSESSED PROCESSING FEES THAT ARE APPPLICABLE BY YOUR STATE LAWS AND REGULATIONS. |
| --- |

Your creditor has referred your account to our collection agency for ACCOUNT RESOLUTION.

THIS IS A DEMAND FOR PAYMENT IN FULL, OR CONTACT US IF YOU DISPUTE THIS CLAIM WITHIN THE ALLOTTED THIRTY (30) DAYS.

Mail full payment to: PO BOX 846
 BUFFALO, NY 14240-0846
OR CALL US AT (716) 882-4515 TO DISCUSS YOUR ACCOUNT.

Very Truly Yours,

SECURITY CREDIT SYSTEMS, INC. 01

*John Owens*

UNLESS YOU NOTIFY THIS OFFICE WITHIN THIRTY DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID.  IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN THIRTY DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION.  IF YOU REQUEST THIS OFFICE IN WRITING WITHIN THIRTY DAYS, AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. SECURITY CREDIT SYSTEMS, INC. IS A DEBT COLLECTION AGENCY.

NEW YORK CITY DEPARTMENT OF CONSUMER AFFAIRS LICENSE NUMBER 0903305

We are required by regulations issued by the New York State Department of Financial Services (ôNYSDFSö) to notify you of the following information. This information is NOT legal advise.

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq.,are prohibited from engaging in activities that are abusive or harassing (15 U.S.C. 1692d), making false or misleading representations (15 U. S.C. 1692e) and undertaking unfair debt collection efforts (15 U.S.C. 1692f), including but not limited to:

A) the use or threat of violence;
B) the use of obscene or profane language;
C) repeated phone calls made with the intent to annoy, abuse, or harass;
D) the use of unfair or unconscionable means to collect or attempt to  collect any debt; and
E) the use of any false, deceptive or misleading representations or means to collect or attempt to collect any debt.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

Supplemental security income, (SSI);
Social security;
Public Assistance (welfare);
Spousal support, maintenance (alimony) or child support;
Unemployment benefits;
Disability benefits;
Workers compensation benefits;
Public or private pensions;
Veterans benefits;
Federal student loans, federal student grant s, and federal work study funds; and
Ninety percent of your wages or salary earned in the last sixty days.

Your creditor or debt collector believes that the legal time limit (statute of limitations) for suing you to collect this debt may have expired.  It is a violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 at seq., to sue to collect on a debt for which the Statute of limitations has expired.  However, if the creditor sues you to collect on this debt, you may be able to prevent the creditor from obtaining a judgment against you.  To do so, you must tell the court that the statute of limitations has expired.

Even if the staute of limitations has expired, you may choose to make payments on the debt, promise to pay the debt, or waive the statute of limitations on the debt, the time period in which the debt in enforceable in court may start again.

If  you would like to learn more about your legal rights and options,  you can consult an attorney or a legal assistance or legal aid organization.

Within five (5) days after the initial communication with a consumer in connection with the collection of any charged-off debt, a debt collector must provide the consumer clear and conspicuous written notification of the following, unless the following information is contained in the initial communication or the consumer has paid the debt:

1. The name of the original creditor; and
2. An itemized accounting of the debt, including:
    a. the total amount of the debt due as of charge-off;
    b. the total amount of interest accrued since charge-off;
    c. the total amount of non-interest charges or fees accrued since charge-off; and
    d. the total amount paid on the debt since the charge-off.